UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EMERALD KALAMA CHEMICAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FIRE MOUNTAIN FARMS, INC., et al.,<br><br>Defendants. | CASE NO. C17-5472 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND |

This matter comes before the Court on Defendants Fire Mountain Farms, Inc. ("FMF"), Martha Ann Thode, and Robert J. Thode's ("Thodes") (collectively "Defendants") motion to dismiss (Dkt. 13). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

### I. PROCEDURAL AND FACTUAL BACKGROUND

On June 16, 2017, Plaintiff Emerald Kalama Chemical, LLC ("Emerald") filed a complaint against Defendants alleging a violation of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended by the Superfund

Amendments and Reauthorization Act of 1986, 42 U.S.C. § 9601 *et seq*. ("CERCLA"). Dkt. 1. Emerald seeks reimbursement for necessary costs to investigate and remediate the release of hazardous substances and a declaratory judgment that Defendants "are liable for future response costs to be incurred by Emerald to address releases of hazardous substances at" Defendants' facilities. *Id*.

The allegations in the complaint stem from Defendants' disposal of organic byproduct obtained from Emerald's plant in Kalama, Washington ("Kalama Facility"). At this facility, Emerald "treats process wastewater, stormwater, groundwater and laboratory wastewater . . . generating approximately 40 tons of recyclable material ("Material") per week." *Id*., ¶ 9. Although the Material contains hazardous substances regulated by CERCLA, it "meets all applicable regulatory standards for use as a fertilizer product." *Id*.

Since 1995, FMF has obtained and recycled the Material for a fee pursuant to "Recycling Agreements" entered into with the previous owner of the Kalama Facility and Emerald. *Id*., ¶¶ 11–12. In April 2014, the Washington Department of Ecology ("Ecology") requested that Emerald stop sending Material to FMF. *Id*., ¶ 16. After testing material samples from FMF's facilities, Ecology issued a corrective action. Emerald alleges as follows:

> On September 11, 2014, Ecology issued Administrative Order 10938 to Emerald and FMF (the "Order"). Order 10938 required four corrective actions, two of which required action by Emerald in addition to FMF. Corrective Action No. 3 required Emerald and FMF to develop and implement a plan to prevent overtopping of the surface impoundment at FMF's Burnt Ridge facility and to address releases if they occur. Corrective Action No. 4 required Emerald and FMF to develop and implement a plan

to manage the material stored at all three FMF/Thode Facilities, including a plan for closing the three facilities, cleaning up spills and environmental media affected by spills, and managing and disposing of materials at the facilities.

Emerald and FMF appealed Order 10938, but Emerald agreed to implement certain provisions to address the impoundment at Burnt Ridge. Specifically, as required by Corrective Action No. 3, Emerald developed and implemented a plan to prevent overtopping at Burnt Ridge and to address releases.

On November, 21, 2014, Ecology issued Administrative Order 11084 to Emerald and FMF. Order 11084 specified the method for complying with Order 10938's corrective Action No. 3.

On November 12, 2015, in response to Ecology's request to prevent overtopping of the surface water at the FMF facilities, Emerald timely submitted to Ecology its Plan to Manage the Surface Water and Biosolids at the FMF/Thode Facilities at Newaukum Prairie, Burnt Ridge, and Big Hanaford.

On December 11, 2015, in response to Ecology's request to modify its November 12, 2015 Plan, Emerald submitted a Revised Plan to Manage the Surface Water and Biosolids at Fire Mountain Farms Newaukum Prairie Impoundment.

On December 17, 2015, Ecology issued Administrative Order 13063 to Emerald and FMF approving the Revised Plan.

On June 3, 2016, Emerald, FMF, and Ecology entered into an Agreement for Conditional Compliance With Ecology Administrative Order No. 10938 During Judicial Review ("Agreement"). The Agreement contains, among other things, a schedule for Emerald and FMF to develop and submit for Ecology approval closure plans for the three FMF storage units and to develop, submit and implement plans to sample the material in the three impoundments and several of the fields at which FMF land applied the Material.

To comply with the Orders, Emerald has incurred response costs including, but not limited to, response costs at the Burnt Ridge and Newaukum Prairie impoundments, response costs to sample the mixed material at all three units, response costs to sample the various fields at which the Emerald Material was land applied by FMF, and response costs for other actions. Emerald also will continue to incur response costs associated with the management and disposal of the materials and the decontamination of the FMF/Thode Facilities. Although the Orders were issued to both Emerald and FMF, and both Emerald and FMF are parties to the Agreement, Emerald has incurred and expects to incur the vast majority of the response costs in connection with implementation of the Orders. Emerald has already incurred in excess of $500,000 not including legal

fees, and expects to incur up to an additional $4 million to complete all of the work required under the Orders.

*Id.*, ¶¶ 18–25.

On July 17, 2017, Defendants moved to dismiss the complaint arguing that Emerald had failed to state a plausible claim under CERCLA. Dkt. 13. On August 7, 2017, Emerald responded. Dkt. 14. On August 11, 2017, Defendants replied. Dkt. 16.

## II. DISCUSSION

Although Defendants are aware of and have been involved in the underlying circumstances involving the release of hazardous materials, they are technically entitled to a complaint that, at the very least, includes as attachments the referenced administrative orders from Ecology. Emerald has offered to file an amended complaint, and Defendants do not object. Therefore, the Court grants Defendants' motion to dismiss and grants Emerald leave to file an amended complaint.

## III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 13) is **GRANTED**. Emerald shall file an amended complaint no later than September 15, 2017.

Dated this 6th day of September, 2017.

BENJAMIN H. SETTLE
United States District Judge