UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EMERALD KALAMA CHEMICAL, LLC,<br><br>              Plaintiff,<br>   v.<br><br>FIRE MOUNTAIN FARMS, INC., et al.,<br><br>             Defendants. | CASE NO. C17-5472 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE |

This matter comes before the Court on Plaintiff Emerald Kalama Chemical, LLC's ("Emerald") motion to exclude Janet Knox's expert rebuttal report. Dkt. 27. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I.     PROCEDURAL AND FACTUAL BACKGROUND**

On June 16, 2017, Emerald filed a complaint against Defendants Fire Mountain Farms, Inc. ("FMF"), Martha Ann Thode, and Robert J. Thode's ("Thodes") (collectively "Defendants") alleging a violation of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended by the Superfund Amendments

ORDER - 1

and Reauthorization Act of 1986, 42 U.S.C. § 9601 *et seq.* ("CERCLA"). Dkt. 1. Emerald seeks reimbursement for necessary costs to investigate and remediate the release of hazardous substances and a declaratory judgment that Defendants "are liable for future response costs to be incurred by Emerald to address releases of hazardous substances at" Defendants' facilities. *Id*.

The allegations in the complaint stem from Defendants' disposal of organic byproduct obtained from Emerald's plant in Kalama, Washington ("Kalama Facility"). At this facility, Emerald "treats process wastewater, stormwater, groundwater and laboratory wastewater . . . generating approximately 40 tons of recyclable material ("Material") per week." *Id.*, ¶ 9. Although the Material contains hazardous substances regulated by CERCLA, it "meets all applicable regulatory standards for use as a fertilizer product." *Id*.

Since 1995, FMF has obtained and recycled the Material for a fee pursuant to "Recycling Agreements" entered into with the previous owner of the Kalama Facility and Emerald. *Id.*, ¶¶ 11–12. In April 2014, the Washington Department of Ecology ("Ecology") requested that Emerald stop sending Material to FMF. *Id.*, ¶ 16. After testing material samples from FMF's facilities, Ecology issued a corrective action. Emerald alleges as follows:

> On September 11, 2014, Ecology issued Administrative Order 10938 to Emerald and FMF (the "Order"). Order 10938 required four corrective actions, two of which required action by Emerald in addition to FMF. Corrective Action No. 3 required Emerald and FMF to develop and implement a plan to prevent overtopping of the surface impoundment at FMF's Burnt Ridge facility and to address releases if they occur. Corrective Action No. 4 required Emerald and FMF to develop and implement a plan

to manage the material stored at all three FMF/Thode Facilities, including a plan for closing the three facilities, cleaning up spills and environmental media affected by spills, and managing and disposing of materials at the facilities.

Emerald and FMF appealed Order 10938, but Emerald agreed to implement certain provisions to address the impoundment at Burnt Ridge. Specifically, as required by Corrective Action No. 3, Emerald developed and implemented a plan to prevent overtopping at Burnt Ridge and to address releases.

On November 21, 2014, Ecology issued Administrative Order 11084 to Emerald and FMF. Order 11084 specified the method for complying with Order 10938's corrective Action No. 3.

On November 12, 2015, in response to Ecology's request to prevent overtopping of the surface water at the FMF facilities, Emerald timely submitted to Ecology its Plan to Manage the Surface Water and Biosolids at the FMF/Thode Facilities at Newaukum Prairie, Burnt Ridge, and Big Hanaford.

On December 11, 2015, in response to Ecology's request to modify its November 12, 2015 Plan, Emerald submitted a Revised Plan to Manage the Surface Water and Biosolids at Fire Mountain Farms Newaukum Prairie Impoundment.

On December 17, 2015, Ecology issued Administrative Order 13063 to Emerald and FMF approving the Revised Plan.

On June 3, 2016, Emerald, FMF, and Ecology entered into an Agreement for Conditional Compliance with Ecology Administrative Order No. 10938 During Judicial Review ("Agreement"). The Agreement contains, among other things, a schedule for Emerald and FMF to develop and submit for Ecology approval closure plans for the three FMF storage units and to develop, submit and implement plans to sample the material in the three impoundments and several of the fields at which FMF land applied the Material.

To comply with the Orders, Emerald has incurred response costs including, but not limited to, response costs at the Burnt Ridge and Newaukum Prairie impoundments, response costs to sample the mixed material at all three units, response costs to sample the various fields at which the Emerald Material was land applied by FMF, and response costs for other actions. Emerald also will continue to incur response costs associated with the management and disposal of the materials and the decontamination of the FMF/Thode Facilities. Although the Orders were issued to both Emerald and FMF, and both Emerald and FMF are parties to the Agreement, Emerald has incurred and expects to incur the vast majority of the response costs in connection with implementation of the Orders. Emerald has already incurred in excess of $500,000 not including legal

fees, and expects to incur up to an additional $4 million to complete all of the work required under the Orders.

*Id*., ¶¶ 18–25.

On October 26, 2017, the Court issued a scheduling order setting October 1, 2018 as the deadline for expert testimony and October 31, 2018 as the deadline for rebuttal expert testimony. Dkt. 24. Neither party disclosed an expert, but, on October 30, 2018, Defendants disclosed the expert rebuttal report of Janet Knox. Dkt. 28 at 5–36 ("Knox Report"). The opinions in the report pertain to three primary questions as follows:

> Does the sludge pose a threat to human health or the environment if spread on farm fields as fertilizer?
> Did the stormwater cap on top of the sludge pose a threat to human health or the environment if sprayed on farmfields?
> Given that the mixed material is biosolids plus Emerald's sludge, based on what we knew about each at the time the Washington Department of Ecology (Ecology) intervened to stop this "recycling" practice, was there a need to test the sludge or stormwater to determine if there was a threat to human health or the environment?

*Id.* at 9.

On November 13, 2018, Emerald moved to exclude the Knox Report. Dkt. 27. On November 26, 2018, Defendants responded. Dkt. 29. On November 30, 2018, Emerald replied. Dkt. 33.

## II. DISCUSSION

Defendants present two arguments in opposition to Emerald's motion. First, Defendants argue that, even though Emerald did not produce an expert, Emerald must produce expert opinion to prevail at trial and, therefore, the Knox Report is a proper rebuttal report to this necessary yet undisclosed expert testimony. Dkt. 29 at 9–10. This

does not even qualify as a strawman argument because Emerald failed to produce the strawman. Moreover, "[a]t a bare minimum, a rebuttal expert cannot offer testimony unless the expert whom she rebuts has offered testimony." *Theoharis v. Rongen*, C13-1345RAJ, 2014 WL 3563386, at *3 (W.D. Wash. July 18, 2014). Thus, Defendants' argument fails.

Second, Defendants argue that their delay in producing the Knox Report was substantially justified or harmless. The Court agrees that, at this point, it is harmless. Defendants produced the report well in advance of trial and Emerald has sufficient time to depose the expert and rebut the report if necessary. *See id*. at *4 ("rebuttal expert disclosures are expected, by default, to come at least 60 days before trial."). Therefore, the Court denies Emerald's motion. To the extent that the discovery deadline must be extended to complete this limited discovery, the Court expects the parties to stipulate to such extensions.

### III.     ORDER

Therefore, it is hereby **ORDERED** that Emerald's motion to exclude Janet Knox's expert rebuttal report, Dkt. 27, is **DENIED**.

Dated this 17th day of December, 2018.

BENJAMIN H. SETTLE
United States District Judge